ROBERT H. McCARTER, attorney-general, ex rel.

*v.*

NELSON Y. DUNGAN et al.

[Submitted February 10th, 1908.	Decided February 14th, 1908.]

1. The power and duty to regulate and control the use of armories being conferred on the state military board, acting as an armory board, by State Militia act (*P. L. 1906 p. 482 § 114*), providing that such board shall have full charge of armories, and shall issue from time to time regulations for the control and use thereof, the court will not assume to exercise such duties, unless necessity therefor is clearly apparent.

2. Under the statements in affidavits for the defence, in a suit to enjoin use of an armory for dancing and roller skating—*Held*, that it must be assumed the regimental officers in charge had in good faith inaugurated the amusements for the good of the guard; that the military board, entrusted with the general powers and duties of regulating and controlling the use of armories, deems such uses conducive to the military needs of the regiment; that it could not be assumed that the uses were inconsistent with the general purposes for which the armory was intended; and that therefore a temporary injunction could not issue.

3. A bill for injunction, in effect, charging that an armory is being applied by the regimental officers in immediate charge to uses which are in no sense military uses, that such officers are conducting a private business in the armory for commercial purposes and with intent to injure the business of relators, and that the business is destructive of the armory, states a cause of action.

4. The persons in immediate charge of an armory, who are stated to be using it for improper purposes, are the only necessary parties defendant to a suit to enjoin such uses.

On bill by the attorney-general and relators to restrain certain use of the Second Regiment armory at Trenton.

The bill is filed by the attorney-general, in behalf of the state, upon the relation of Barker G. Hamill and others, to restrain the officers of the Second Regiment of the National Guard, now in the immediate charge of the state armory at Trenton, from using the armory building for roller-skating and dancing. The cause has

been heard, at the return of an order to show cause, on the bill and affidavits filed by the respective parties.

*Mr. John H. Backes,* for the complainant.

*Mr. Peter A. V. Van Doren* and *Mr. Barton B. Hutchinson,* for the defendants.

LEAMING, V. C.

Section 114 of the State Militia act of 1906 (*P. L. 1906 p. 482*) contains the following provision:

"The state military board shall be the armory board, with full charge of armories, and shall issue from time to time regulations for the control and use thereof."

It will thus be seen that the legislature has delegated to the state military board, acting as an armory board, the power and duty to regulate and control the use of the armory buildings of the state. This court will not assume to exercise the duties thus conferred upon a state board unless the necessity for such course is clearly apparent. It may be assumed that the distinctive purposes for which our armories are primarily intended are military purposes; but the term military purposes, thus used, must be understood to comprehend all such uses as may be said to be incidental to the general purpose to conserve the military needs of the regimental organization. Military balls and other entertainments which are frequently given at armories cannot be said to be for military purposes except in the sense that they contribute to the interest and good feeling of the members of the military organization. In that sense they are clearly consistent with the general purposes for which the armory buildings are intended. On the other hand, it seems equally apparent that an armory could not be properly devoted to a purely commercial use in disregard of military needs. In this view the issue now presented is essentially one of fact. On the part of complainant it is asserted that on the afternoons and evenings of Wednesdays and Saturdays the assembly or drill hall of the armory at Trenton is thrown open to the public for the purpose of roller-skating and dancing, and

that an admission fee is charged for its use. The bill charges that this is done by the regimental officers now in the immediate charge of the armory building for the purpose of pecuniary gain and profit of the regiment and with a view to injure relators who are interested in skating rinks in the same city. It is also alleged that the roller-skating will injure the floor of the assembly hall. On the part of defendants affidavits are filed by the adjutant-general of the state and several regimental officers. By these affidavits it is asserted that dancing and skating have been introduced at the armory at the times stated in the bill for the primary purpose of affording amusement and diversion for the members of the national guard and their friends, and in no sense for profit or with any design or purpose to injure others; that the admission fee is charged for the purpose of defraying the extra expenses of light, heat and music, and not for the purpose of carrying on a business, and any surplus arising from receipts in excess of expenses is paid to the treasury of the regiment. The affidavits state with positiveness that in order to maintain a proper *esprit de corps* amusements must be furnished to the members of the guard, and that the use of the armory now complained of has for its primary object that purpose, and that the admission fee is charged because no appropriation exists from which the expenses could be otherwise defrayed. It is also stated that the skating and dancing are arranged for hours when the use of the armory is not needed for other purposes. The affidavit of the adjutant-general, who is a member and recording officer of the state military board and armory board, discloses that on February 5th, 1907, a formal action was taken by the board touching the use of the armory building at Camden for skating and dancing, and that the use was approved by the following resolution:

"That such use of the armory is not improper, being held under the auspices and authority of the regiment and approved by the custodian of the armory, and for the financial support of the regiment."

It is also stated by one of the regimental officers that the floor of the Camden armory is similar to the floor of the armory in Trenton, and that the use of the floor of the Camden armory for roller-skating for two successive winters has not injured it. In

view of these statements upon the part of the defence it is apparent that this court cannot at this time properly grant a preliminary injunction. From the present record it must be accepted as a fact that the regimental officers now entrusted with the immediate control and use of the armory building have in good faith inaugurated these amusements believing them to operate to increase the interest of members of the guard and strengthen the organization, and that the military board which the legislature has entrusted with the general powers and duties of regulating and controlling the use of the armories deems the present use of the Trenton armory conducive to the military needs of the regiment. It is, therefore, manifestly impossible for this court at this time to assume that the uses now complained of are inconsistent with the general purposes for which the armory was intended. The prayer for a preliminary injunction must be denied.

A motion was made by defendants to dismiss the bill. I think that the bill, on its face, is sufficient. It in effect charges that the armory building is being applied by the regimental officers to uses which are in no sense military uses; that these army officers are conducting a private business in the armory for commercial purposes and with intent to injure the business of relators, and that the business is destructive of the *corpus* of the armory. Assuming these charges to be true, I think relief can be had through the bill as filed, and that the persons in immediate charge of the armory are the only necessary parties defendants. Even though a building belonging in whole or in part to the state is being devoted to a proper use, I apprehend that the state is entitled to prevent such use being exercised in a manner unnecessarily destructive of the property. The motion to dismiss will be denied.